**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Elias ORTIZ–ROSALES, a.k.a. Julian Elias Ortiz–Rosales, a.k.a. J. Elias Rosales Ortiz, Defendant–Appellant.**

**No. 14–10022.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 12, 2014.*

Filed March 3, 2015.

Susanna M. Torres, USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Francisco Leon, Esquire, Law Office of Francisco Leon, Tucson, AZ, for Defendant–Appellant.

Before: HUG, FARRIS, and CANBY, Circuit Judges.

*See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Elias Ortiz–Rosales appeals from the district court's judgment and challenges the 51–month sentence imposed following his guilty-plea conviction for illegal re-entry, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ortiz–Lopez contends that the district court procedurally erred by failing to rule on his motion for a variance. He did not object on these grounds in the district court, and we therefore review for plain error. *See United States v. Dallman,* 533 F.3d 755, 761 (9th Cir.2008). There was no plain error. The district court acknowledged Ortiz–Lopez's argument for a variance, explained its reasons for rejecting that argument, and imposed a sentence within the Sentencing Guidelines range.

Relying on *United States v. Amezcua–Vasquez,* 567 F.3d 1050 (9th Cir.2009), Ortiz–Rosales argues that his sentence is substantively unreasonable because of the age of a prior conviction that resulted in an enhancement under the advisory Sentencing Guidelines. The sentence is not substantively unreasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including the seriousness of the enhancing prior conviction and Ortiz–Lopez's subsequent criminal and immigration history. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *see also United States v. Reyes,* 764 F.3d 1184, 1198–99 (9th Cir. 2014) (distinguishing *Amezcua–Vasquez* based on defendant's criminal history subsequent to the enhancing prior conviction); *United States v. Orozco–Acosta,* 607 F.3d 1156, 1167 (9th Cir.2010) (distinguishing *Amezcua–Vasquez* where higher sentence

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

was necessary to deter defendant from more illegal re-entries).

**AFFIRMED.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.